UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
THE ANNUITY, WELFARE AND
APPRENTICESHIP SKILL IMPROVEMENT &
SAFETY FUNDS OF THE INTERNATIONAL
UNION OF OPERATING ENGINEERS LOCAL
15, 15A, 15C & 15D, AFL-CIO, by their Trustees
James T. Callahan, Thomas A. Callahan, Michael
Salgo, and William Tyson; CENTRAL PENSION
FUND OF THE INTERNATIONAL UNION OF
OPERATING ENGINEERS, by its Chief Executive
Officer Joseph Shelton; and INTERNATIONAL
UNION OF OPERATING ENGINEERS LOCAL
15, 15A, 15C & 15D, AFL-CIO, by its President
and Business Manager Thomas A. Callahan,

                        Plaintiffs,

            -against-

CONCRETE INDUSTRIES ONE CORP.,

                        Defendant.
-------------------------------------------------------------- x

MEMORANDUM & ORDER

22-CV-6080 (ENV) (TAM)

VITALIANO, D.J.

      On October 11, 2022, plaintiffs The Annuity, Welfare, and Apprenticeship, Skill Improvement and Safety Funds of the International Union of Operating Engineers, Local 15, 15A, 15C & 15D, AFL-CIO, by their Trustees James T. Callahan, Thomas A. Callahan, Michael Salgo, and William Tyson, and the Central Pension Fund of the International Union of Operating Engineers Local 15, 15A, 15C & 15D, AFL-CIO, by its President and Business Manager Thomas A. Callahan (the "Union"), initiated this action against defendant Concrete Industries One Corp. ("Concrete Industries") seeking delinquent benefit contributions and related relief under Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), *see* 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301(a) of the Labor Management Relations Act ("LMRA"), *see* 29 U.S.C. § 185.  *See* Compl., Dkt. 1, ¶ 1.  Concrete Industries has failed to appear in or otherwise

respond to this action.

In due course, the Clerk of Court entered defendant's default, and upon receipt of the certificate of default, plaintiffs moved for default judgment. Mot., Dkt. 8. On reference to her, Magistrate Judge Taryn Merkl recommended that the motion be granted in a Report and Recommendation ("R&R") issued on August 9, 2023. *See* R&R, Dkt. 20. No party has filed a written objection, much less in a timely fashion. For the following reasons, the R&R is adopted as the opinion of the Court.

Background

The Court presumes the parties' familiarity with the factual and procedural history of this case, which is recounted in detail in the R&R. *See id.* at 1–4. A brief recitation of the procedural timeline, as relevant to the understanding of this decision, is provided below.

That history begins with the filing of the complaint, which occurred on October 11, 2022. It followed an audit on Concrete Industries' records that revealed delinquencies in Concrete Industries' contributions to plaintiffs' funds. Compl. ¶¶ 23–24. Service of the summons and complaint was effectuated on the New York Secretary of State. *See* Dkt. 5; Steinberg Decl., Dkt. 12, at ¶ 4. When Concrete Industries failed to respond, plaintiffs requested a certificate of default on November 14, 2022. Dkt. 7. The Clerk of Court issued a certificate of default, and, on November 18, 2022, plaintiffs moved for default judgment. *See* Mot. Plaintiffs, however, failed to attach to their motion a copy of the certificate of default and a proposed form of default judgment, as required by Local Rule 55.2(b).[1] Plaintiffs did, however, separately serve the

---

[1] Ultimately, a court's discretion to grant or deny a motion for default judgment includes "broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001). Indeed, courts within this district have excused a movant's failure to strictly comply with the Local Rules if a defendant received fair

certificate of default on defendant—along with their motion, memorandum, and various attorney affidavits—on November 18, 2022, via express mail to defendant's place of business. *See* Certificate of Service, Dkt. 14.

On April 17, 2023, Magistrate Judge Merkl scheduled a hearing on plaintiffs' motion for May 16, 2023, and directed the Clerk of Court to serve on the defendant the notice of hearing, the order scheduling the hearing, and the full docket to four different addresses potentially associated with defendant. Dkt. 15. At the hearing, an attorney attended on defendant's behalf, *see* Minute Entry & Order dated May 16, 2023, but did not formally file a notice of appearance either at the hearing or any time prior to the hearing. Magistrate Judge Merkl directed the attorney to file a notice of appearance on behalf of defendant as soon as possible, *id.*, but he subsequently notified the Court that neither he nor any other attorney would be formally appearing on defendant's behalf. *See* Letter dated June 5, 2023, Dkt. 17, at 1. As noted earlier, the R&R followed on August 9, 2023. *See* R&R at 1.

<u>Legal Standard</u>

In reviewing a report and recommendation of a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where no party has objected to a magistrate judge's report and recommendation, as is the case here, clear error review applies. *See Dafeng Hengwei Textile Co. v. Aceco Indus. & Com. Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014).

---

notice of the motion for default judgment. *See Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Eng'rs, Local 15, 15A, 15C, & 15D, AFL-CIO v. Coastal Env't Grp. Inc.*, No. 18-cv-5791 (LDH) (SJB), 2019 WL 5693916, at *3 n.7 (E.D.N.Y. Aug. 30, 2019).

Discussion

Having thoroughly reviewed Magistrate Judge Merkl's report, the Court finds the report and recommendation to be correct, well-reasoned, and free of any clear error. Specifically, Magistrate Judge Merkl recommended that plaintiffs be granted default judgment on their ERISA and LMRA claims and awarded damages as follows: (1) $80,778.05 for unpaid ERISA contributions and $6,995.45 for unpaid non-ERISA contributions (totaling $87,773.50); (2) $15,522.68 in prejudgment interest on unpaid ERISA contributions; (3) $2,273.43 in prejudgment interest on unpaid non-ERISA contributions; (4) $15,522.68 in liquidated damages; (5) $2,870.00 in attorney's fees and $522.00 in costs; and (6) $2,032.70 for auditor's fees, for an aggregate total of $126,516.99. *See* R&R at 22. Additionally, Magistrate Judge Merkl recommended that plaintiffs be awarded the following, calculated from the date of the R&R's issuance (August 9, 2023) through the date of final judgment: (1) additional liquidated damages at a *per diem* rate of $14.51, (2) prejudgment interest at a *per diem* rate of $16.23, based on a *per diem* rate of $14.51 on the delinquent ERISA contributions and a *per diem* rate of $1.72 on delinquent non-ERISA contributions; and (3) post-judgment interest at the rate set forth in 28 U.S.C. § 1961 on the total sum awarded on the date of judgment, accruing through the date of payment. *Id.* The Court adopts these recommendations as the opinion of the Court.

Conclusion

In light of the foregoing, Magistrate Judge Merkl's R&R is adopted in its entirety and plaintiffs' motion for default judgment is granted. Plaintiffs are awarded $126,516.99 in damages and costs; additional liquidated damages at a *per diem* rate of $14.51; prejudgment interest at a *per diem* rate of $16.23 from August 9, 2023, through the date of judgment; and post-judgment interest at the rate set forth in 28 U.S.C. § 1961 on the total sum awarded on the date of judgment, accruing

through the date of payment.

      The Clerk of Court is directed to enter judgment accordingly and close the case.

      So Ordered.

Dated: Brooklyn, New York
       October 4, 2023

                                      */s/ Eric N. Vitaliano*
                                      ERIC N. VITALIANO
                                      United States District Judge